UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER ROSS WESTFALL,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. 3:19-cv-05819-BHS-JRC

ORDER TO SHOW CAUSE OR AMEND PETITION AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

The District Court has referred this matter to United States Magistrate Judge J. Richard Creatura as authorized by 28 U.S.C. § 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR3 and MJR4. This matter is before the Court on a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 9, at 1.

Because petitioner states that he has not filed any motion or otherwise sought state court review of the issues raised in his petition and because his grounds would require this Court to interfere in a pending State criminal proceeding, doctrines of exhaustion and abstention bar the Court from considering petitioner's claims. Petitioner also fails to show that the appointment of

counsel is appropriate at this early stage. Therefore, the Court denies without prejudice petitioner's motion for the appointment of counsel and orders petitioner to adequately address the issues herein or file an amended petition on or before **December 13, 2019.**

## BACKGROUND

Petitioner, who proceeds *pro se* and is incarcerated at Lewis County Jail, states that he is a pretrial detainee (Dkt. 9, at 1) seeking dismissal of his charges of possession of a stolen vehicle and a controlled substance. Dkt. 1-1, at 7. He also requests the return of seized property. Dkt. 1-1, at 7. Petitioner's grounds for relief are "due process" and "incarceration and seizure of property without determining guilt." Dkt 9, at 5.

Regarding his pending charges, petitioner states that on March 1, 2019, he was arrested and taken into custody at Lewis County Jail. Dkt. 1-1, at 9. After being "bailed out" on the Lewis County charges and released from Lewis County Jail, petitioner was taken into custody in Thurston County "on a separate matter." Dkt. 1-1, at 9. Petitioner states that although "bail was granted" on the Thurston County charges, he was not released from Thurston County but was transferred back to Lewis County on a failure to appear charge. Dkt. 1-1, at 9. Petitioner alleges that he was not at fault for the alleged failure to appear, as he was "held in the custody of [Thurston County], who was in frequent contact with Lewis County [and] should have been fully aware of the petitioner['s] whereabouts." Dkt. 1-1, at 9. Petitioner also alleges that "the prosecution" falsified reports that petitioner expressed an intent to flee prosecution and/or commit new crimes upon release. Dkt. 1-1, at 9. Further, petitioner states that he is being improperly held without bail. *See* Dkt. 1-1, at 9.

1       Petitioner states that he has not sought any type of review of his claims other than by writ of habeas corpus in this Court.  *See* Dkt. 1-1, at 5.

**DISCUSSION**

The matter is now before the Court on preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243 (Rules Governing Section 2254 cases may also be applied to habeas corpus actions filed under § 2241).

**I. Failure to Exhaust**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."  *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A habeas petition under § 2241 "challenges the execution of a criminal sentence on grounds that a prisoner 'is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Benny v. U.S. Parole Commission,* 295 F.3d 977, 988 (9th Cir. 2002) (quoting 28 U.S.C. § 2241(c)(3)).  Although 28 U.S.C. § 2241(c)(3) does not mandate an exhaustion

requirement, the Ninth Circuit Court of Appeals has held that exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980).

Here, petitioner fails to show that he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against him. Petitioner has also not shown that special circumstances warrant federal intervention in this case. Therefore, petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

**II. *Younger* Abstention**

Petitioner's case may also be inappropriate for review in federal court under the *Younger v. Harris* abstention doctrine. *See* 401 U.S. 37 (1971); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1131 (9th Cir. 2018). *Younger* abstention bars federal courts from staying or enjoining pending state criminal court proceedings unless there are exceptional circumstances. *Carden*, 626 F.2d at 83.

*Younger* abstention is appropriate when "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other

extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Here, *Younger* abstention appears to apply. First, petitioner is a pre-trial detainee and is in the midst of ongoing state criminal proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, petitioner has failed to allege facts showing that he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Fourth, it is unclear if petitioner is raising claims that would effectively enjoin the ongoing state judicial proceeding. It is unclear whether petitioner seeks to bring an excessive bail claim under the Eighth Amendment. *See* Dkt. 1-1, at 9; *see Arevalo*, 882 F.3d at 766 (finding *Younger* abstention not appropriate where the issues raised challenged a bail hearing). However, petitioner's stated grounds for relief—violation of due process for lack of evidence of guilt before incarcerating him and seizing property—would effectively enjoin the ongoing criminal proceedings against him.

Therefore, because it is unclear on the face of the petition whether or not *Younger* abstention may apply to petitioner's claims, petitioner must show cause why this case should not be dismissed under *Younger*.

### III. Motion to Appoint Counsel

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case. *See* Rule 8(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2243. The Court may request an attorney to represent indigent

civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the [petitioner] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

At this time, the Court has not ordered service of the petition and has not determined that an evidentiary hearing will be required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c); 28 U.S.C. § 2243. Petitioner's grounds for relief do not appear to be legally complex such that he would be unable to adequately articulate his claims. As petitioner has not shown appointment of counsel is appropriate at this time, the motion to appoint counsel is denied without prejudice.

**IV. Motions to Stay and for Expeditious Ruling**

Petitioner has filed a motion to stay state court proceedings and a motion for expeditious ruling on his motion to stay. Dkts. 11, 12. As petitioner has not yet filed a serviceable petition and the Court cannot determine whether amendment can cure the petition, petitioner's motions are premature. The Clerk's office shall strike the motions from the docket; petitioner may refile these motions if he files an amended pleading that is adequate to survive the Court's preliminary review.

///

///

///

# CONCLUSION AND DIRECTIONS TO CLERK AND PETITIONER

If petitioner intends to pursue this § 2241 habeas action, he must file a response to this order and an amended petition on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the petition, and not as a supplement.

The Court notes that petitioner has two other pending § 2241 petitions in this District, in which he requests dismissal of a variety of charges brought by Thurston County after an arrest on February 20, 2019 (Case No. 3:19-cv-05817-RBL-DWC, Dkt. 1-2) and dismissal of a charge of possession of stolen property brought by Lewis County after an arrest on April 23, 2019 (Case No. 3:19-cv-05818-RBL-TLF, Dkt. 1-1). It is unclear to the Court whether petitioner's arguments in the petition in this matter (Case No. 3:19-cv-05819-BHS-JRC) pertain solely to pending charges under state court cause number 19-1-00165-21 for possession of a stolen vehicle and possession of a controlled substance. It is also unclear to the Court whether petitioner's three § 2241 petition each pertain to the same criminal proceeding. If he chooses to file an amended petition in this matter, petitioner should clarify precisely what criminal charges are pending against him and which charges his petition pertains to.

The Court notes that the proper respondent is the person who has custody over petitioner (the official who is in charge of custody concerning pre-trial detainees for the County—that is, the person who is head of the jail where petitioner is detained pending trial). *See* 28 U.S.C. § 2242. If petitioner files an amended petition, he must ensure that the petition names the correct respondent.

If petitioner fails to adequately address the issues raised herein or file an amended pleading on or before **December 13, 2019**, the undersigned will recommend dismissal of this action. The Clerk is directed to provide petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner's motions to stay and for expeditious ruling (Dkts. 11, 12) are stricken from the docket with leave to refile and petitioner's motion for counsel (Dkt. 10) is denied without prejudice.

Dated this 18th day of November, 2019.

J. Richard Creatura
United States Magistrate Judge