UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER R. WESTFALL,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. 3:19-cv-05819-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR January 17, 2020

    This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rules MJR 1, MJR 3, and MJR 4.

    Currently before the Court is petitioner's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.  *See* Dkt. 9.  The Court reviewed petitioner's petition and determined that it was plain from the face of the petition that the petitioner was not entitled to relief in the district court.  *See* Dkt. 13, at 3; *see also* Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243 (Rules Governing Section 2254 cases may also be applied to habeas corpus actions filed under § 2241).  Thus, the Court declined to serve the petition, but gave petitioner an

REPORT AND RECOMMENDATION - 1

1 opportunity to show cause why the case should not be dismissed.  Specifically, the Court ordered
2 petitioner to show cause why the case should not be dismissed for failure to exhaust state
3 remedies, since petitioner had not shown that he exhausted state court remedies or that special
4 circumstances warranted federal intervention in his case.  *See* Dkt. 13, at 4.  The Court also
5 ordered petitioner to show cause why the case should not be dismissed under *Younger v. Harris*,
6 401 U.S. 37 (1971), since petitioner is a pre-trial detainee in the midst of ongoing state criminal
7 proceedings and *Younger* abstention appears to apply.  *See* Dkt. 13, at 5.  The Court informed
8 petitioner that if he did not adequately address the issues raised on or before December 13, 2019,
9 the undersigned would recommend dismissal of this action.

10       Although the deadline to take action has passed, petitioner has failed to amend his
11 petition, show cause, or take any other action in response to the Court's order.  Therefore, the
12 undersigned recommends that this matter be dismissed without prejudice for failure to prosecute.

13       As petitioner has not prosecuted this case, the Court finds that petitioner has failed to
14 demonstrate that jurists of reason could disagree with the resolution of any constitutional claims
15 or that the issues presented are adequate to deserve encouragement to proceed further.  *Miller-El*
16 *v. Cockrell*, 537 U.S. 322, 327 (2003).  Therefore, the undersigned also recommends that no
17 certificate of appealability under 28 U.S.C. § 2253(c) be issued.  *See Wislon v. Belleque*, 554
18 F.3d 816, 825 (9th Cir. 2009).

19       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
20 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
21 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*
22 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
23 of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
24

1 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit
2 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January 17,
3 | 2020 as noted in the caption.
4 | Dated this 30th day of December, 2019.

J. Richard Creatura
United States Magistrate Judge